IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO MALDONADO, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:12-CR-231-CAP-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-1684-CAP-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, filed a motion challenging his judgment of conviction under 28 U.S.C. § 2255. (Doc. 324.)[1] Movant also filed a motion to amend his § 2255 motion to add an additional claim. (Doc. 329.) The motion to amend [329], which is unopposed, is **GRANTED**.

Respondent filed a brief opposing the § 2255 motion, (Doc. 340), and Movant filed a reply, (Doc. 343). For the reasons discussed below, the § 2255 motion should be denied.

In March 2013, Movant entered a negotiated guilty plea to one count of conspiring to possess with the intent to distribute cocaine and marijuana and one count of conspiring to launder money. (Doc. 299 ("Plea Tr.").) The Court sentenced

---

[1] All citations to the record are to 1:12-cr-231-CAP-LTW.

Movant to a total of 324 months's imprisonment. (Doc. 242; Doc. 300 ("Sent. Tr.").) Attorney Cathy Morris Alterman represented Movant.

Movant's plea agreement contained the following provision:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or an upward variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 215-1 at 9 ("Plea Agr.").) At the plea hearing, Respondent's counsel described the appeal waiver, and the Court then questioned Movant about it. (Plea Tr. at 11-12, 24.) The Court informed Movant that he was waiving his rights to appeal "[t]o the maximum extent with the exceptions noted in [the] plea agreement," including the "right to collaterally attack [the] sentence later in any post conviction proceeding such as a habeas corpus." (*Id.* at 24.) Movant told the Court he understood the appeal waiver. (*Id.*)

2

Movant nevertheless filed a motion under § 2255 challenging both his guilty plea and his sentence. (Docs. 324, 329.) Movant first claims that Alterman rendered ineffective assistance by failing to investigate two alibi witnesses – co-defendants Jay Hernandez Santana and Eduardo Renteria Maldonado – before advising him to plead guilty. (Doc. 324 at 16-18.) Movant contends that he pled guilty because Alterman told him that her investigation revealed no favorable information. (*Id.*) After Movant was sentenced, Santana and Eduardo Maldonado provided affidavits stating that Movant was not part of the drug and money laundering conspiracies. (*Id.*) Movant attached those affidavits, which are dated September 29, 2013, to his § 2255 motion. (*Id.* at 22-25.) Movant claims that "but for Alterman's failure to investigate and misrepresentation of the case, [he] would not have pleaded guilty and would have insisted on proceeding to trial." (*Id.* at 18.)

Movant's second claim is that Alterman rendered ineffective assistance at sentencing. (*Id.* at 18-20; Doc. 329.) Movant contends that Alterman failed to object to sentence enhancements for leadership role and possession of a firearm and failed to object to "Double Counting" of sentence enhancements. (Doc. 324 at 19 (quotation marks omitted); Doc. 329.)

3

Movant's appeal waiver does not bar his claim that his guilty plea is invalid because the appeal waiver is part of the plea agreement and, thus, rises or falls with the plea itself. *See Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005). But if the plea and appeal waiver are valid, the appeal waiver bars Movant's claim that he received ineffective assistance of counsel at sentencing.

An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, is valid if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those tests are satisfied here.

As discussed above, the Court questioned Movant about the appeal waiver at the plea hearing, and Movant understood it. (Plea Tr. at 11-12, 24.) Movant also indicated his understanding of the appeal waiver by signing the plea agreement in two places. (Plea Agr. at 11-12.) The appeal waiver is clear and bars Movant from challenging his judgment of conviction under § 2255 unless there was an upward

departure or upward variance from the sentencing guideline range or Respondent appealed. (*Id.* at 9.) None of those things happened. (*See* Sent. Tr. at 12-15 (imposing sentence at low end of guideline range).)

Movant's claim that Alterman was ineffective for advising him to plead guilty because she did not obtain exculpatory evidence from two co-defendants is meritless. The only purported exculpatory evidence Movant identified are the affidavits from Santana and Eduardo Maldonado, which are dated several months after Movant pled guilty. (Doc. 324 at 22-25.) Neither Santana nor Eduardo Maldonado stated in his affidavit that he would have provided exculpatory evidence to Alterman had she contacted them. (*Id.*) Movant thus offers nothing more than speculation about what Alterman could have discovered in the investigation he says she failed to conduct.

Moreover, there now is no exculpatory evidence because both Santana and Eduardo Maldonado withdrew their affidavits and filed motions to strike them from the Court's record. (Docs. 337, 339.) The Court granted both motions. Each of those co-defendants also "advise[d] the Court and the parties that he will not be a witness or submit affidavits" in this case. (Doc. 337 at 1; 339 at 1.) Movant thus has no

5

evidence supporting his claim that his guilty plea is invalid because of ineffective assistance of counsel.[2]

In short, Movant has presented nothing to refute what the record, particularly the transcript of the plea hearing that includes Movant's own sworn statements, demonstrates: Movant knowingly and voluntarily pled guilty and agreed to the appeal waiver. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). Nor has Movant shown that he received ineffective assistance of counsel in connection with his plea. When a defendant knowingly and voluntarily executes an appeal waiver, courts must "enforce the appeal waiver according to its terms." *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997). Movant's appeal waiver is valid and bars his remaining claim that Alterman rendered ineffective assistance of counsel at sentencing.

---

[2] In his reply brief, Movant stated that despite Santana's and Eduardo Maldonado's motions to strike their affidavits, "these co-defendants now stand by the original affidavits." (Doc. 343 at 4.) The only thing Movant presented in support of that statement is another copy of the same affidavits, dated September 29, 2013, that he attached to his § 2255 motion. (*Id.*; *see id.* at 7-8; *see* Doc. 324 at 22-25.) The co-defendants filed their motions to strike and withdraw those affidavits in August 2015, which is their most recent submission. (Docs. 337, 339.)

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [324] be **DENIED** and that civil action number 1:15-cv-1684-CAP-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Movant's motion to amend his § 2255 motion [329] is **GRANTED**.

**SO ORDERED & RECOMMENDED** this 22 day of December, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)