UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEJANDRO MALDONADO,

        Movant,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CRIMINAL ACTION NO.
1:12-CR-0231-1-CAP

CIVIL ACTION NO.
1:15-CV-1684-CAP

## O R D E R

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 345].  The movant has filed objections thereto [Doc. No. 351].

The magistrate judge recommended denial of the movant's § 2255 motion to vacate.  First, the magistrate judge correctly points out that the movant's claim of ineffective assistance of counsel during his sentencing is barred by the appeal waiver in the movant's plea agreement if the plea was entered into knowingly and voluntarily.  Second, the magistrate judge determined that the movant's claim of ineffective assistance of counsel as to entering the guilty plea was without merit.  Finally, the magistrate judge

determined, based on the plea colloquy, that the movant knowingly and voluntarily pled guilty.

The only objection the movant makes is to the magistrate judge's recommendation on the merits of the ineffective assistance of counsel claim pertaining to the entry of the guilty plea. "Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).

The two-part *Strickland* standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have

2

pleaded guilty and would have insisted on going to trial.  *Id.* at 59; *Esslinger v. Davis*, 44 F.3d 1515, 1528 (11th Cir. 1995).

The basis of the claim here is the movant's contention that his counsel failed to obtain exculpatory information from his co-defendants.  He supported the claim with affidavits from those co-defendants.  However, those affidavits were created after the movant's guilty plea and fail to state that the co-defendants would have informed the movant's counsel of the information in their later affidavits had she contacted them prior to his guilty plea.  More importantly, the affidavits have been withdrawn.  In his objections, the movant argues that those co-defendants are still willing to testify as to the contents of the affidavits.  Nevertheless, the contents of the affidavit are insufficient to establish that counsel would have garnered exculpatory information from the movant's co-defendants prior to his guilty plea.

Accordingly, the court ADOPTS the R&R as the order and opinion of this court.

SO ORDERED, this 1st day of February, 2016.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge

3